FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -6  P 2: 07

CLERK *L. LaVictorie*
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT JACKSON,

    Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-065

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Jackson ("Jackson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Jackson has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Jackson pleaded guilty in the Middle District of Georgia to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1). Jackson was sentenced to 105 months' imprisonment and four years' supervised release. (CR400-31, Doc. No. 39.) Jackson filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (CR400-31, Doc. No. 43.) Jackson filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255, and that motion was denied. (CR400-31, Doc. Nos. 47 and 48.) The Eleventh Circuit denied Jackson's application for leave to file a

AO 72A
(Rev. 8/82)

second or successive § 2255. (CR400-31, Doc. No. 50.) Jackson nonetheless filed another section 2255 motion in the Middle District of Georgia, which the Middle District denied, as well as his two motions for reconsideration. (CR400-31, Doc. Nos. 52 and 57-61.)

Jackson, in the instant petition, asserts that his rights to equal protection of the law and to due process of law have been violated. Specifically, Jackson contends that he should be resentenced because his criminal history points and offense level were based on state court convictions that have been vacated in state habeas corpus proceedings. (Pet., p. 3.) Jackson asserts that once the sentencing guidelines are corrected, he will be entitled to immediate release from custody. (Mem., p. 3.)

Respondent contends that Jackson has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241, and, accordingly, his petition should be dismissed. (Mot. to Dismiss, p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

AO 72A
(Rev. 8/82)

> failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Jackson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He alleges that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because he moved the sentencing court "for relief and was denied because the remedy sought was not available under § 2255 since the issue at hand is the challenge to the legality of his detention." (Pet'r's Reply, p. 2.) Jackson also alleges that section 2255 is not the proper avenue to "attack the legality of prior state convictions" or to "test the legality of [his] detention after his prior state convictions were invalidated." (Id.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished).  None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255.  The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Jackson has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition, despite his allegation to the contrary. (Mem., p. 4.)  Simply because Jackson was unsuccessful in his previously filed appeal and § 2255 motions (see Pet., pp. 2-4), does not render the remedy afforded by section 2255 inadequate or ineffective to challenge the legality of his detention.

In sum, Jackson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241.  "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003).  Jackson is doing nothing more

4

than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 7) be **GRANTED**, and Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)