FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 16 A 10: 52

CLERK
          S.     F GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT JACKSON,

       Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

       Respondent.

CIVIL ACTION NO.: CV205-065

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Jackson asserts that the Magistrate Judge's Report worked to his actual and substantial disadvantage. Jackson contends that he is actually innocent of prior state convictions and the federal sentence imposed as a result of the miscalculation based on these state convictions. Jackson also contends that a Motion to Dismiss is an inappropriate response to a habeas petition. Jackson alleges that the Magistrate Judge's reliance on Sawyer v. Holder, 326 F.3d 1363 (11th Cir. 2003), and Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), is misplaced and that these two cases have been overruled by Dodd v. United States, ___ U.S. ___, 125 S. Ct. 2478, 162 L. Ed.2d 343 (2005). Jackson also alleges that he is entitled to use 28 U.S.C.A. § 2241(c)(3) because 28 U.S.C.A. §

AO 72A
(Rev. 8/82)

2255 is inadequate or ineffective to test the legality of his detention. Specifically, Jackson contends that the numerous denials of his requested relief on previous occasions "demonstrates . . . some limitation of scope or procedure" of section 2255. (Doc. No. 12, p. 7.) Jackson avers that the Magistrate Judge's reliance on <u>Medberry v. Crosby</u>, 351 F.3d 1049 (11th Cir. 2003), is also misplaced. Jackson asserts that the Court erred by not offering him a "stay and abeyance" while he exhausts his administrative remedies and to allow him equitable tolling of the statute of limitation pursuant to § 2255, ¶6(4). Jackson also asserts that he is challenging the execution and validity of his sentence, and therefore, his claims are not cognizable under § 2255.

The Magistrate Judge was correct in noting that Jackson failed to satisfy section 2255's savings clause. Accordingly, it is not necessary to address Jackson's actual innocence claim. See <u>Wofford</u>, 177 F.3d at 1244 n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

To the extent Jackson contends that the vacatur of two state convictions is a newly discovered fact which would toll the running of the statute of limitation, this contention is without merit. According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255, ¶6. However, the statute of limitation may be equitably tolled if "'a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

In Johnson v. United States, ___ U.S. ___, 125 S. Ct. 1571, 161 L. Ed.2d 542 (2005), the Supreme Court determined that the vacatur of a petitioner's prior state convictions was a "matter of fact for purposes of the limitation rule" found in § 2255, ¶6(4). 125 S. Ct. at 1577. However, the Court also concluded that a federal habeas petitioner having state court convictions vacated would trigger the limitation period found in this subsection "only if the petitioner has shown due diligence" in obtaining the vacatur of his convictions. Id. The Supreme Court reasoned that, because Johnson waited until more than three years after he was sentenced in federal court to file a state habeas petition, he had not shown "due diligence" in obtaining the vacatur of his state court convictions. Thus, Johnson was not entitled to use the limitation period found in § 2255, ¶6(4). Likewise, Jackson has not shown that he attempted to obtain the vacatur of his state convictions with due diligence. Thus, he is not entitled to tolling of the statute of limitation pursuant to § 2255, ¶6(4).

3

Finally, Jackson's assertion that the Magistrate Judge improperly relied on several cases is without merit. The Magistrate Judge relied on controlling precedent of the Eleventh Circuit Court of Appeals, which he is required to do. Dodd did not overrule Sawyer or Wofford. In Wofford, the Eleventh Circuit Court of Appeals held that the savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. The Eleventh Circuit also held that "the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245. It is only when a petitioner satisfies the savings clause of section 2255 that the "portal to a § 2241 proceeding" is opened. Id. In that situation, "the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted." Griffin v. Wiley, 141 Fed. Appx. 843, 844 (11th Cir. 2005).

In Dodd, the Supreme Court stated that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court in which to file a section 2255 motion, pursuant to ¶6(3) of that statute. Dodd, ___ U.S. at ___, 125 S. Ct. at 2482. However, the Supreme Court reasoned that a petitioner cannot take advantage of this date unless the other condition of this statute were also met, i.e., this right must be newly recognized *and* have been made retroactively applicable to cases on

4

collateral review. Id. It is evident that Wofford and Sawyer[1] stand for a different proposition than Dodd does and that Dodd does not provide a basis for Jackson's requested relief.

In sum, Jackson's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 16th day of November, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In relevant part, the savings clause prerequisites are discussed in Sawyer. 326 F.3d at 1365.